# EXHIBIT A

ID# 2018-0070880-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**18103733**

S. Lark Ingram - 34
MAY 17, 2018 04:20 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| CAG FOOD SERVICES, LLC, F/K/A CORRECTIONAL ADVISOR'S GROUP, LLC, | * * * * | |
| Plaintiff, | * * | |
| vs. | * * | CIVIL ACTION FILE NO. _____ |
| SHAVER FOODS, LLC, | * * | |
| Defendant. | * | |

### VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff CAG FOOD SERVICES, LLC, F/K/A CORRECTIONAL ADVISOR'S GROUP, LLC (hereinafter "CAG" or "Plaintiff"), and hereby files this, its VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, as follows:

1.

Plaintiff is a Limited Liability Company originally organized in the state of Georgia, but now registered in the State of Florida.

2.

Defendant Shaver Foods, LLC ("Shaver" or "Defendant") is a Limited Liability Company organized in the State of Arkansas, with its principal office being located at 1419 South Beechwood Avenue in Fayetteville, Arkansas.

3.

Defendant may be served with Summons and Process through its registered agent of service, to wit: C. Ashley White, President/CEO, Shaver Foods, LLC, 1419 South Beechwood. Fayetteville, Arkansas 72701.

## JURISDICTION AND VENUE

4.

Plaintiff maintains an office located in the State of Georgia at 4795 Meadow Park Lane, Suwanee, Georgia.

5.

Defendant conducts business on a frequent basis in the State of Georgia and, as a result of the efforts of the Plaintiff, supplies food and food-related products to the Cobb County Sheriff's Department in this county. Therefore, Defendant is subject to the jurisdiction of this court pursuant to O.C.G.A. § 9-10-91(a).

## RELEVANT FACTS AND CIRCUMSTANCES

6.

Plaintiff is in the business of providing food and food-related products to clients throughout the United States.   Many of these clients are correctional facilities, including county jails.

7.

The principals of Plaintiff have developed many valuable contacts throughout the country over the course of a combined forty (40) years in this industry which has resulted in considerable demand for food and food-related products from Plaintiff.

8.

Due to the nature of the business, *i.e.*, guaranteeing the supply of food and food-related products to correctional facilities, it is of the utmost importance to Plaintiff and its clients have a reliable supplier of food and food-related products.

9.

Defendant Shaver Foods, LLC is a supplier of food and food-related products located in Fayetteville, Arkansas which was identified by Plaintiff as a supplier who could meet the demands and expectations of Plaintiff's clients.

10.

On or about June 26, 2008, Plaintiff entered into an agreement with Defendant whereby Defendant would provide food and food-related products to Plaintiff's clients and in return, among other obligations, would pay Plaintiff a commission for procuring these orders. The "Supply Agreement," which was drafted by Defendant's President and CEO, is attached hereto as **Exhibit A**.[1]

11.

Under the Supply Agreement, as Plaintiff's clients identified the need for a shipment of food or food-related products, Defendant had the responsibility to fulfill these orders in a timely manner to Plaintiff's clients. *See*, Supply Agreement, p. 1.

12.

In consideration of providing business from Plaintiff's clients to Defendant, under the Supply Agreement Defendant is required to pay Plaintiff five percent (5%) of each invoice generated by Defendant for product delivered to Plaintiff's clients. *See*, Supply Agreement, p. 1.

13.

Under the Supply Agreement, and as evidenced by the parties' transactions for almost a decade, each customer of Plaintiff was designated as a "CAG customer" in Defendant's

---

[1] Exhibit A is an un-executed version of the Supply Agreement as Plaintiff is still searching its records for an executed version. The potential irreparable harm suffered by Plaintiff necessitated filing this Complaint before locating the executed version, although both Plaintiff and Defendant were in possession of the executed Supply Agreement. Additionally, the parties have been operating in accordance with the Supply Agreement for almost a decade.

accounting software in order to properly account for the business Defendant's received due to Plaintiff's efforts.

14.

Defendant is required under the Supply Agreement to send Plaintiff a monthly report generated by Defendant showing the commission calculations owed to Plaintiff.

15.

The parties acted in accordance with the Supply Agreement for almost a decade with Defendant making monthly commission payments to Plaintiff of 5% of the total amount paid for "each future invoice" of Plaintiff's clients. *See*, Supply Agreement, p. 1.

16.

In addition to being required to pay a commission for every future invoice Defendant received from Plaintiff's clients, Defendant agreed "to protect the relationship [Plaintiff] has with its clients, and, in exchange for [Defendant's] role as the primary supplier to [Plaintiff's] clients, will not solicit nor entertain solicitations from clients of [Plaintiff] for [Defendant] to supply the clients directly.  If approached by a client [of Plaintiff] to provide such, [Defendant] shall inform the client that they are handled through [Plaintiff] and shall, within 48 hours, notify [Plaintiff] of the solicitation and client making it." Supply Agreement, p. 1.

17.

After operating under to the Supply Agreement for almost a decade without issue, on or about May 2, 2018, Ashley White, President/CEO of Shaver Foods, LLC forwarded an e-mail to Plaintiff indicating that the Supply Agreement between the parties was being immediately terminated.

18.

Plaintiff was alarmed by the e-mail communication, especially given that the parties had recently met with one of Plaintiff's clients during which a considerable amount of new business was offered to Plaintiff. Plaintiff's President, Rich Adams, has attempted on multiple occasions to reach Defendant.

19.

Defendant has failed and refused to communicate with Plaintiff.

20.

Instead, upon information and belief, Defendant has "cut out the middle man" and has begun soliciting and servicing Plaintiff's clients directly, in breach of its duties and obligations under the Supply Agreement and the duty of good faith and fair dealing.

21.

Additionally, Defendant has not generated a report of orders received and commissions earned by Plaintiff during the month of April and has not paid Plaintiff April commissions.

22.

As a result of the exclusive contract with Defendant, Plaintiff does not have another food supplier prepared to service Plaintiff's clients therefore at risk of irreparably damaging its relationships with these clients.

23.

Plaintiff remains committed to honor the Supply Agreement and should receive commissions due it in a timely manner from Defendant.

24.

As a direct result of Defendant's actions, Plaintiff has experienced and will continue to experience damage, including immediate and irreparable harm to its business and client relationships, without intervention by this Court to restrain Defendant's conduct.

## COUNT I - BREACH OF CONTRACT (COMMISSIONS)

25.

Plaintiff incorporates the preceding Paragraphs of this Complaint as if fully set forth herein.

26.

The Supply Agreement requires Defendant to pay Plaintiff a "commission of 5% of the total amount paid for each future invoice" by Plaintiff's clients.

27.

Upon information and belief, Defendant has terminated the Supply Agreement in order to cut Plaintiff out of these commissions by servicing Plaintiff's clients directly.

28.

Defendant has failed to pay Plaintiff April commissions, and, upon information and belief, Defendant does not intend to pay these contractual commissions for any future invoices from Plaintiff's clients.

29.

As a direct result of Defendant's actions, Plaintiff has been damaged in an amount to be proven at trial and its at risk of immediate and irreparable harm.

## COUNT II – BREACH OF CONTRACT (NON-SOLICIT)

30.

Plaintiff incorporates the preceding Paragraphs of this Complaint as if fully set forth herein.

31.

The Supply Agreement requires Defendant "to protect the relationship [Plaintiff] has with its clients, and, in exchange for [Defendant's] role as the primary supplier to [Plaintiff's] clients, will not solicit nor entertain solicitations from clients of [Plaintiff] for [Defendant] to supply the clients directly. If approached by a client [of Plaintiff] to provide such, [Defendant] shall inform the client that they are handled through [Plaintiff] and shall, within 48 hours, notify [Plaintiff] of the solicitation and client making it." Supply Agreement, p. 1.

32.

Defendant's actions have been directly adverse to "protecting the relationship" Plaintiff has with its clients by cutting Plaintiff off from its clients and attempting to supply Plaintiff's clients directly.

33.

Additionally, upon information and belief, Defendant has solicited, or been approached by Plaintiff's clients, to provide supply to Plaintiff's clients directly.

34.

These actions have caused immediate and irreparable harm to Plaintiff in an amount to be proven at trial.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

35.

Plaintiff incorporates the preceding Paragraphs of this Complaint as if fully set forth herein.

36.

Plaintiff has long-standing relationships with its correctional facility clients, including many county jails.

37.

Defendant was not a party to, or any way involved in, any of Plaintiff's client relationships.

38.

At all times, Plaintiff had and maintained these client relationships for supplying food and food-related products to correctional facilities.

39.

Based on years of ongoing contractual and business relations, Plaintiff had a legitimate and expected interest in continuing the food and food-related products contracts and relationships with its clients.

40.

Defendant acted purposefully and with malice with the intent to injure Plaintiff when it interfered with Plaintiff's client relationships and contracts.

41.

Defendant sought to induce a third party or parties not to enter or continue a contract or business relationship with Plaintiff.

42.

As a result of Defendant's tortious conduct, Plaintiff has suffered damages in an amount to be determined by the evidence presented at trial.

## COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.

Plaintiff hereby incorporates by reference the preceding paragraphs of these as if fully set forth herein.

44.

As set forth fully herein, Defendant as systematically "cut out the middle man" in order to reap impermissible rewards from the Supply Agreement, including depriving Plaintiff of its 5% commission on all future invoices from Plaintiff's clients and Plaintiff's long-standing client relationships.

45.

Additionally, due to Defendant's unexpected and immediate termination of the Supply Agreement, Plaintiff has been left without a supplier to fulfill its obligations to its clients.

46.

Defendant's conduct constitutes a breach of the covenant of good faith and fair dealing, for which Plaintiff has been harmed.

47.

As a result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff is entitled to damages in an amount to be determined by the evidence presented at trial.

## COUNT V – INJUNCTIVE RELIEF

48.

Plaintiff hereby incorporates by reference the preceding paragraphs of these as if fully set forth herein.

49.

Plaintiff is entitled to injunctive relief in order to prevent Defendant from causing Plaintiff immediate and irreparable harm to Plaintiff's long-standing client relationships.

## COUNT VI – PUNITIVE DAMAGES

50.

Plaintiff hereby incorporates by reference the preceding paragraphs of these as if fully set forth herein.

51.

Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to punitive damages to deter and punish Defendant from such and further intentional and harmful conduct calculated with a specific intent to cause harm to Plaintiff.

## COUNT VII – ATTORNEY'S FEES AND EXPENSES

52.

Plaintiff hereby incorporates by reference the preceding paragraphs of these as if fully set forth herein.

53.

As shown in the above paragraphs, Defendant has acted in bad faith and has caused the Plaintiff unnecessary trouble and expense.

SUPPLY AGREEMENT

This agreement is made between SHAVER FOODS, LLC. and CORRECTIONAL ADVISOR'S GROUP, LLC. for the purpose of defining the standard terms and conditions under which SHAVER FOODS, LLC. and CORRECTIONAL ADVISOR'S GROUP, LLC. have agreed to operate for certain clients of CORRECTIONAL ADVISOR'S GROUP, LLC.

SHAVER FOODS, LLC. will be the primary supplier of all foodservice food and food related products, except standard local purchase items (milk, bread and fresh produce), to clients managed by CORRECTIONAL ADVISOR'S GROUP, LLC. unless mutually agreed upon by both SHAVER FOODS, LLC and CORRECTIONAL ADVISOR'S GROUP, LLC.

CORRECTIONAL ADVISOR'S GROUP, LLC. reserves the right to remove any client from the list of customers serviced by SHAVER FOODS, LLC with 7 days written notice to SHAVER FOODS, LLC

In exchange CORRECTIONAL ADVISOR'S GROUP, LLC. will receive a commission of 5% of the total amount paid for each future invoice by a client managed by CORRECTIONAL ADVISOR'S GROUP, LLC. within the purview of this supply agreement.

Commission payment will be made during the last full week of each month and reports detailing the specific accounts and amounts aggregated in the commission payment will be sent either as a report with the payment or made available to CORRECTIONAL ADVISOR'S GROUP, LLC. through other readily accessible media (e.g. SHAVER FOODS, LLC. website).

A copy of all invoices to CORRECTIONAL ADVISORS GROUP, LLC. clients will be supplied with the monthly report generated by SHAVER FOODS, LLC. or made available to CORRECTIONAL ADVISOR'S GROUP, LLC. through other readily accessible media (e.g. SHAVER FOODS, LLC. website).

SHAVER FOODS, LLC. intends to protect the relationship CORRECTIONAL ADVISOR'S GROUP, LLC. has with its clients, and, in exchange for our role as the primary supplier to their clients, will not solicit nor entertain solicitations from clients of CORRECTIONAL ADVISOR'S GROUP, LLC. for SHAVER FOODS, LLC. to supply the clients directly. If approached by a client to provide such, SHAVER FOODS, LLC. shall inform the client that they are handled through CORRECTIONAL ADVISOR'S GROUP, LLC. and shall, within 48 business hours, notify CORRECTIONAL ADVISOR'S GROUP, LLC. of the solicitation and client making it.

The party (hereafter buyer) purchasing the food and food related products shall be the client of CORRECTIONAL ADVISOR'S GROUP, LLC. not CORRECTIONAL ADVISOR'S GROUP, LLC. itself.

SHAVER FOODS, LLC. has the exclusive right to refuse to sell any buyer when there is substantial reason to believe the buyer lacks either the resources or willingness to pay for goods provided.

Communication of the details, adjustments or status of orders placed for or by a buyer will be sent to the buyer with a copy to CORRECTIONAL ADVISOR'S GROUP, LLC.

Order guides containing pricing, payment terms, minimum order quantities, order and delivery lead times will be provided in a separate agreement customized for each client to account for differences in storage, feeding population, freight density and funding parameters.

Pricing shall be effective quarterly with updates, if needed, given monthly 5 working days prior to becoming effective.



EXHIBIT

A

54.

Plaintiff is entitled to attorney's fees and expenses due to Defendant's actions as set forth herein pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiff prays as follows:

A.  For Summons and Process to issue according to law;

B.  For a Trial by Jury on all issues;

C.  For a Judgment against the Defendant in such an amount as will fully compensate the Plaintiff for its losses;

D.  For Injunctive Relief from this Court enjoining the Defendant;

E.  For an award of Attorney's Fees and expenses of litigation.

F.  For such other and additional relief as this Court deems just and proper.

Respectfully submitted this _16_ day of _May_, 2018.

C. DAVID JOYNER, P.C.

C. DAVID JOYNER
Georgia Bar No. 405528
*Attorney for Plaintiff*

1305 Mall of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)
(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

GREGROY, DOYLE, CALHOUN
& ROGERS, LLC.

Charles L. Bachman, Jr.

Georgia Bar # 030545
T. Owen Farist
Georgia Bar # 560550
*Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060
(770) 422-1776
(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

GREGROY, DOYLE, CALHOUN
& ROGERS, LLC.

Charles L. Bachman, Jr.
Georgia Bar # 030545
T. Owen Farist
Georgia Bar # 560550
*Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060
(770) 422-1776
(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

ID# 2018-0070881-CV
🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18103733**
S. Lark Ingram - 34
MAY 17, 2018 04:20 PM

Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

CAG FOOD SERVICES, LLC, F/K/A     *
CORRECTIONAL ADVISOR'S GROUP,   *
LLC,                                 *
                                      *
              Plaintiff,           *
                                      *
vs.                                 *     CIVIL ACTION FILE
                                  *     NO. _____
SHAVER FOODS, LLC,         *
                                  *
              Defendant.       *

### VERIFICATION

I, Rich Adams, do hereby swear and affirm that I am more than 21 years of age; that I have personal knowledge of the matters of fact stated in the within and foregoing *Verified Complaint for Damages and Injunctive Relief* and that such matters of fact as pled within and foregoing *Verified Complaint for Damages and Injunctive Relief* are true and correct to the best of my knowledge.

So attested this the ⎯⎯17th⎯⎯ day of May 2018.

                                  CAG Food Services, LLC f/k/a Correctional
                                  Advisor's Group, LLC

BY:       _____
                                  RICH ADAMS, PRESIDENT/CEO

Sworn to and subscribed
before me this _17_ day
of ___MAY___, 2018.

_____
Notary Public

My Commission Expires
_1-16-2022_

ID# 2018-0070882-CV
☙ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18103733**
S. Lark Ingram - 34
MAY 17, 2018 04:20 PM

Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAG FOOD SERVICES, LLC, F/K/A CORRECTIONAL ADVISOR'S GROUP, LLC, | * * * * | |
| Plaintiff, | * * | |
| vs. | * * | CIVIL ACTION FILE NO. _____ |
| SHAVER FOODS, LLC, | * * | |
| Defendant. | * | |

## MOTION FOR EMERGENCY HEARING AND INJUNCTIVE RELIEF

COMES NOW CAG FOOD SERVICES, LLC, F/K/A CORRECTIONAL ADVISOR'S

GROUP, LLC (hereinafter referred to as "CAG"), Plaintiff in the above-styled civil action, and

hereby files this, its Motion for Emergency Hearing and Injunctive Relief, and, in support

thereof, shows this honorable Court the following:

1.

Contemporaneous herewith, CAG is filing a Verified Complaint for Damages and

Injunctive Relief against the Defendant and is seeking a hearing on all issues before this Court.

2.

The Plaintiff incorporates all of the allegations in its Verified Complaint for Damages

and Injunctive Relief as if the same are fully set forth herein.

3.

The Defendant, **SHAVER FOODS, LLC,** has breached the contract between the parties

(the "Supply Agreement") which contained a non-solicitation provision prohibiting

communications between the Defendant company and customer/clients of the Plaintiff in an

effort to steal Plaintiff's clients and service them directly and thus deprive Plaintiff of both the commissions Defendant agreed to pay as well as the long-standing relationships Plaintiff maintains.

4.

Additionally, under the Supply Agreement Defendant promised to protect the relationship between the Plaintiff and its customers/clients as part of the consideration for entering into the Supply Agreement with the Defendant as the primary supplier to the Plaintiff's clients.

5.

Despite the requirements set forth in the contract between the parties, the Defendant has also failed and/or refused to provide an accurate accounting of invoices paid by CAG customers and clients and commissions earned by the Plaintiff during the month of April.   The same was due on the last day of the month and has yet to be received.   The Defendant has also neglected to remit payment of the 5% commission earned on each invoice.

6.

An emergency or expedited hearing is respectfully requested in this case due to the blatant violations of the agreement by the Defendant and the fact that the Plaintiff company will continue to suffer immediate and irreparable harm if the Defendant's actions in violation of the agreement are not immediately enjoined until further Order of this Court.

7.

There is no other adequate remedy at law.

WHEREFORE, the Plaintiff hereby prays that this Court grant the emergency injunctive relief requested herein.

RESPECTFULLY SUBMITTED this 16 day of May, 2018.

**C. DAVID JOYNER, P.C.**

C. DAVID JOYNER
Georgia Bar No. 405528
*Attorney for Plaintiff*

1305 Mall of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)
(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

**GREGROY, DOYLE, CALHOUN
& ROGERS, LLC.**

Charles L. Bachman, Jr.
Georgia Bar # 030545
T. Owen Farist
Georgia Bar # 560550
*Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060
(770) 422-1776
(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

# SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

ID# 2018-0070883-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18103733**
S. Lark Ingram - 34
MAY 17, 2018 04:20 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

CIVIL ACTION NUMBER   18103733

$216.00 COST PAID

CAG FOOD SERVICES, LLC. F/K/A, DBA
CORRECTIONAL ADVISOR'S GROUP,
LLC.

**PLAINTIFF**
                                        **VS.**

SHAVER FOODS, LLC.

**DEFENDANT**

## SUMMONS
TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:
> **David Joyner**
> **C. David Joyner, P.C.**
> **1305 Mall of Georgia Blvd. Ste. 130**
> **Buford, Georgia 30519**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 17th day of May, 2018.**

Clerk of Superior Court

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

ID# 2018-0070884-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18103733**
S. Lark Ingram - 34
MAY 17, 2018 04:20 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☑ **Superior** or ☐ **State Court of** _____Cobb_____ **County**

### For Clerk Use Only

**Date Filed** ___05-17-2018___   **Case Number** ___18103733___
   **MM-DD-YYYY**

| Plaintiff(s) | | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CAG FOOD SERVICES, LLC. F/K/A | | | | | | SHAVER FOODS, LLC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Joyner, David___   **Bar Number** ___405528___   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Automobile Tort
- ☐ General Tort
- ☑ Contract
- ☐ Real Property
- ☐ Civil Appeal
- ☐ Habeas Corpus
- ☐ Restraining Petition
- ☐ Injunction/Mandamus/Other Writ
- ☐ Garnishment
- ☐ Landlord/Tenant
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Adoption
- ☐ Family Violence Petition
- ☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony.
- ☐ Modification
- ☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**     **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
   **Language(s) Needed**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

ID# 2018-0070885-CV
☆ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**18103733**

S. Lark Ingram - 34
MAY 17, 2018 04:20 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER   __18103733__

**CAG FOOD SERVICES, LLC. F/K/A**
Plaintiff

Vs.

**SHAVER FOODS, LLC.**
Defendant

## TYPE OF ACTION

o Divorce without Agreement Attached
o Divorce with Agreement Attached
o Domestic Relations
☑ Damages Arising out of Contract
o Damages Arising out of Tort
o Condemnation
o Equity
o Zoning – County Ordinance Violations (i.e., Injunctive Relief-Zoning)
o Zoning Appeals (denovo)
o Appeal, Including denovo appeal – excluding Zoning

o URESA
o Name Change
o Other
o Recusal
o Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

☑ NO
o YES – If yes, please fill out the following:

   1. Case # _____

   2. Parties _____

   3. Assigned Judge _____

   4. Is this case still pending?      o  Yes      o  No

   5. Brief description of similarities:


/S/ __Joyner, David_____

Attorney or Party Filing Suit

# C. DAVID JOYNER, P.C.

## ATTORNEY AT LAW

1305 Mall Of Georgia Boulevard
Mill Creek Forest, Suite 130
Buford, Georgia 30519

e-mail djoyner@cdavidjoynerpc.com

Ph: 770/614-6415
Fax: 770/614-7678

May 25, 2018

**VIA E-MAIL AND STATUTORY**
**OVERNIGHT DELIVERY**
**E-Mail:** ashley.white@shaverfoods.com
C. Ashley White, Pres./CEO
Shaver Foods, LLC
1419 South Beechwood
Mayfield, Arkansas 72701

Re:   *CAG Food Services, LLC vs. Shaver Foods, LLC*
In the Superior Court of Cobb County
Civil Action File No.   18-103733

Dear Mr. White:

As you are aware, Chuck Bachman and I represent the Plaintiff in the above-styled civil action currently pending in Cobb County, Georgia.   I have received no notification from you or anyone on your behalf indicating you are represented by counsel.   Therefore, I am forwarding this letter directly to you.   If you are represented, please provide this letter to your counsel in order that communications may take place between him/her and myself.

As was set forth in the Complaint recently filed and served on you by the Sheriff, my client is not only seeking monetary damages from Shaver Foods, LLC, but also injunctive relief. Please know we have contacted the Court concerning an expedited hearing date on the issue of injunctive relief and have been informed that the Honorable Lark Ingram, Judge of Cobb County Superior Court, will be hearing this matter on **June 6, 2018 at 9:00 a.m.**.  While I expect to receive a Court Order early next week indicating the date and time for the hearing, and will immediately forward the same to you, I wanted to provide this information to you early in order that you may have plenty of time to plan your travel to Georgia.

Additionally, I wanted to remind you that you were served with a *Notice to Produce* when the Complaint and related documents were delivered to you by the Sheriff.   I am attaching another copy hereto for your reference and convenience.   Pursuant to **O.C.G.A. § 24-13-27,** you are required to produce all of the documents outlined in the Notice to Produce at the hearing on

June 6, 2018.   Should it be more convenient to provide the documents to me electronically prior to the hearing, please feel free to do so.   Otherwise, we will expect legible and un-redacted copies of the documents to be provided when we meet in Court for the hearing.

As previously stated, please provide this letter to your counsel once you have hired someone to represent Shaver Foods, LLC.   Please know I will have no direct contact with you once I have received notice of representation from an attorney indicating he/she will be representing your company.

In closing, should you have any questions or concerns, you may direct those to me until you have retained counsel in this case.   Mr. Adams, Mr. Bachman and I will look forward to seeing you on June 6th.

Sincerely,

C. DAVID JOYNER

Enclosure

# IN THE SUPERIOR COURT OF COBB COUNTY

## STATE OF GEORGIA

CAG FOOD SERVICES, LLC, F/K/A    *
CORRECTIONAL ADVISOR'S GROUP,    *
LLC,    *
                  *
        Plaintiff,    *
                  *
vs.    *       CIVIL ACTION FILE
                  *       NO. _____
SHAVER FOODS, LLC,    *
                  *
        Defendant.    *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT

I herewith serve upon you the following request for production of documents under the provisions of O.C.G.A. § 9-11-34.  You are requested to produce the documents hereinafter set forth in accordance with the deadlines set for in the Georgia Civil Practice Act at the law offices of C. DAVID JOYNER, P.C., 1305 Mall Of Georgia Blvd., Mill Creek Forest, Suite 130, Buford, Georgia 30519, where facilities are available for proper copying.

Pursuant to O.C.G.A. § 24-13-27, you are further required to produce said documents at each trial, hearing and deposition in this matter.

As used herein, the term, "document(s)" shall be interpreted in its broadest and most liberal sense and means written, typed, printed, recorded, graphic or photographic matter, however produced or reproduced, of any kind and description, however different in any way from the original (whether by interlineation, receipt stamp, notation, faxed version, or otherwise) and whether an original, master, duplicate or copy, including but not limited to, papers, notes, accounts, books, journals, advertisements, catalogs, manuals, correspondence, memoranda, reports, studies, analyses, results of laboratory tests, calculations, CAD data files and drawings,

projections, contracts, charts, graphs, plans, specifications, drawings, sepias, mylars, sketches, surveys, agreements, working papers, corporate records, photographs, videotapes, microfilm or microfiche, minutes of meetings, financial statements, accounting records, time cards, slips and sheets, minutes, transcriptions or sound recordings of any conversations, negotiations, meetings or conferences conducted either in person or by telephone, or things similar to any of the foregoing, and all other papers, writings or physical things containing information, including data compilations from which information can be obtained by computers or other detection devices, whether on computer disks or in computer memory, however denominated or described by the parties with regard to whom the particular request is directed.

These Requests shall be deemed continuing in nature until the date of final trial so as to require supplemental answers if you or your attorney obtain further information (or additional documents) between the time your answers are served and the time of trial. In such an event you must update your response and provide additional documents as appropriate.

## CATEGORIES OF DOCUMENTS TO BE PRODUCED

1.

Any and all records, documents, e-mails, correspondence, contracts and other written communications between the Defendant company and Plaintiff company for the period of June 1, 2008 to the date of trial.   This should include all parties, including, but not limited to, C. Ashley White, who were acting on behalf of the Defendant company.

2.

Any and all records, documents, e-mails, correspondence, contracts and other written communications between the Defendant company and any customer/client or former customer/client of the Plaintiff company for the period of June 1, 2008 to the date of trial.   This

should include all parties, including, but not limited to, C. Ashley White, who were acting on behalf of the Defendant company.

3.

Any and all records, documents, e-mails, correspondence, contracts and other written communications between C. Ashley White and other employees and representatives of the Defendant company which in any way pertain to the Defendant's contract with the Plaintiff and the Defendant's decision to terminate the same.

4.

Any and all CAG customer invoices from June 1, 2008 through the date of trial.

5.

Any and all CAG monthly sales Velocity Reports and all monthly CAG commission reports from June 1, 2008 through the date of trial.

6.

Copies of any and all records in the Defendant's custody, possession or control evidencing payment of invoices by CAG Customer/Clients from June 1, 2008 through the date of trial.

Respectfully submitted this 16th day of _____May_____, 2018.

C. DAVID JOYNER, P.C.

C. DAVID JOYNER
Georgia Bar No. 405528
*Attorney for Plaintiff*

1305 Mall of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)

(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

**GREGROY, DOYLE, CALHOUN
& ROGERS, LLC.**

_____
Charles L. Bachman, Jr.
Georgia Bar # 030545
T. Owen Farist
Georgia Bar # 560550
*Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060
(770) 422-1776
(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

ID# 2018-0072811-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**18103733**

MAY 22, 2018 02:32 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY

### STATE OF GEORGIA

CAG FOOD SERVICES, LLC, F/K/A    *
CORRECTIONAL ADVISOR'S GROUP,    *
LLC,    *
   *
        Plaintiff,    *
   *
vs.    *      CIVIL ACTION FILE
   *      NO. __18 103733__
SHAVER FOODS, LLC,    *
   *
        Defendant.    *

### RULE 5.2 CERTIFICATE OF SERVING DISCOVERY PLEADINGS

COMES NOW the Plaintiff, and pursuant to Rule 5.2 of the Uniform Rules of Court

certifies that *PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO*

*PRODUCE TO DEFENDANT* was served Sheriff's service on Defendant as follows:

C. Ashley White, Pres./CEO
Shaver Foods, LLC
1419 South Beechwood
Fayetteville, Arkansas 72701

Respectfully submitted this ___ day of _____, 2018.

**C. DAVID JOYNER, P.C.**

C. DAVID JOYNER
Georgia Bar No. 405528
*Attorney for Plaintiff*

1305 Mall of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)
(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

GREGROY, DOYLE, CALHOUN
& ROGERS, LLC.

Charles L. Bachman, Jr.
Georgia Bar # 030545
T. Owen Farist
Georgia Bar # 560550
*Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060
(770) 422-1776
(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

Filed In Office May-24-2018 16:35:35
ID# 2018-0074345-CV
Page 1

IN THE SUPERIOR COURT OF COBB COUNTY

Rebecca Keaton
STATE OF GEORGIA
Clerk of Superior Court Cobb County

CAG FOOD SERVICES, LLC,                    :
F/K/A CORRECTIONAL                         :
ADVISOR'S GROUP, LLC,                      :        CIVIL ACTION
                                           :
        Plaintiff,                         :        FILE NO. 18103733
                                           :
v.                                         :
                                           :
SHAVER FOODS, LLC,                         :
                                           :
        Defendants.                        :
                                           :

## RULE NISI

IT IS HEREBY ORDERED that the parties show cause why the Plaintiff's Motion for

Injunctive Relief should not be granted on the 6th day of June, 2018 at 9:00 a.m. before the

Honorable S. Lark Ingram in Courtroom 6400 of the Superior Court of Cobb County.

SO ORDERED, this __24__ day of _____May_____, 2018.

_____
Honorable S. Lark Ingram
Judge, Superior Court of Cobb County

Prepared by:

_____
Charles L. Bachman, Jr.
Georgia Bar No.: 0303545
T. Owen Farist
Georgia Bar No. 560550
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, Georgia 30064
(770) 422-1776 Telephone