# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CAG FOOD SERVICES, LLC, | * | |
| F/K/A CORRECTIONAL | * | |
| ADVISOR'S GROUP, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION FILE |
| | * | **No: 1:18-cv-02753 (RWS)** |
| SHAVER FOODS, LLC, | * | |
| | * | |
| Defendant. | * | |

## **AMENDED COMPLAINT**

Plaintiff CAG FOOD SERVICES, LLC, f/k/a CORRECTIONAL ADVISOR'S GROUP, LLC (hereinafter "CAG" or "Plaintiff"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(1)(B) hereby files its AMENDED COMPLAINT, stating as follows:

1.

Plaintiff is a Limited Liability Company originally organized in the state of Georgia, but now registered in the State of Florida.

2.

Defendant Shaver Foods, LLC ("Shaver" or "Defendant") is a Limited Liability Company organized in the State of Arkansas, with its principal office being located at 1419 South Beechwood Avenue in Fayetteville, Arkansas.

3.

Defendant may be served with Summons and Process through its registered agent of service, to wit: C. Ashley White, President/CEO, Shaver Foods, LLC, 1419 South Beechwood. Mayfield, Arkansas 72701.

## JURISDICTION AND VENUE

4.

Plaintiff maintains an office located in the State of Georgia at 4795 Meadow Park Lane, Suwanee, Georgia.

5.

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different States and the amount of controversy exceeds the sum of $75,000.00.[1]

---

[1]This matter originated in the Superior Court of Cobb County Georgia with Defendant filing a Notice of Removal pursuant to 28 U.S.C. § 1446 on June 5, 2018.

## RELEVANT FACTS AND CIRCUMSTANCES

### 6.

Plaintiff is in the business of providing food, food-related products, and food service management consulting services to facility providers (referred to as Plaintiff's "Clients" between the parties) who in turn provide food services to correctional facilities throughout the United States.

### 7.

Since its formation, Plaintiff has entered into written agreements with its Clients to provide these services ("Client Contracts").

### 8.

Plaintiff does not produce food itself. Therefore, in order to fulfill Plaintiff's obligations to its Clients under these Client Contracts Plaintiff must engage a third party to supply Plaintiff's Clients.

### 9.

Defendant Shaver Foods, LLC is a supplier of food and food-related products located in Fayetteville, Arkansas and was identified by Plaintiff a potential company to help Plaintiff meet its obligations under the Client Contracts.

10.

Plaintiff's original intentions were to work with multiple companies to supply Plaintiff's Clients.

11.

Instead, Defendant desired to be Plaintiff's primary provider of the food and food-related products Plaintiff was obligated to provide under the Client Contracts.

12.

Plaintiff ultimately agreed to this arrangement only after Defendant agreed to various protections and guarantees from Defendant, including Defendant agreeing to pay Plaintiff commissions on all future invoices from Plaintiff's Clients and that Defendant would protect Plaintiff's business relationships.

13.

On or about August 1, 2007, the parties entered into a supply agreement whereby Defendant would provide food and food-related products for Plaintiff's Client Contracts and in return, among other obligations, Defendant would pay Plaintiff a commission (the "Original Supply Agreement"). The Original Supply Agreement, which was drafted by Defendant's President and CEO Ashley White, is attached hereto as **Exhibit A**.

14.

As Plaintiff's Clients identified the need for a shipment of food or food-related products covered by the Client Contracts, Defendant had the responsibility to fulfill these orders in a timely manner on behalf of Plaintiff. See, Original Supply Agreement, p. 1.

15

In consideration for providing this revenue to Defendant was required to pay Plaintiff five percent (5%) of the total amount paid for "each future invoice" for Plaintiff's Clients. Id.

16.

Defendant was also required to send Plaintiff a monthly report generated by Defendant showing the commission calculations owed to Plaintiff. Id.

17.

Under the Original Supply Agreement, the parties defined Plaintiff's Clients as all companies listed in "Attachment A" to the Original Supply Agreement. Id.

18.

After less than a year of operation the parties decided to amend the Original Supply Agreement.

19.

On June 26, 2008, the parties entered into the Amended Supply Agreement. See **Exhibit B**.

20.

Under the Amended Supply Agreement, and as evidenced by the parties' transactions, each customer of Plaintiff was designated as a "CAG Customer" in Defendant's accounting software in order to properly account for the business Defendant received due to Plaintiff's Client Contracts.

21.

The parties acted in accordance with the Amended Supply Agreement for almost a decade with Defendant making monthly commission payments to Plaintiff based upon the total amount paid for "each future invoice" of Plaintiff's Clients as provided for under the Amended Supply Agreement. See, Amended Supply Agreement, p. 1.

22.

However, although regular payments were made, Defendant failed to return to Plaintiff the full commissions payments due under the Amended Supply Agreement.

23.

In addition to being required to pay a commission for every future invoice from the Client Contracts, Defendant agreed

> to protect the relationship [Plaintiff] has with its clients, and, in exchange for [Defendant's] role as the primary supplier to [Plaintiff's] clients, will not solicit nor entertain solicitations from clients of [Plaintiff] for [Defendant] to supply the clients directly. If approached by a client [of Plaintiff] to provide such, [Defendant] shall inform the client that they are handled through [Plaintiff] and shall, within 48 hours, notify [Plaintiff] of the solicitation and client making it.

> Amended Supply Agreement, p. 1.

24.

After operating under to the Amended Supply Agreement for over a decade, on or about May 2, 2018, Ashley White, President/CEO of Shaver Foods, LLC sent an e-mail to Plaintiff purporting to immediately terminate the Amended Supply Agreement.

25.

Blindsided by this unexpected email, especially given that the parties had recently met with one of Plaintiff's largest Clients about considerably expanding this Client's business, Plaintiff's President, Rich Adams, attempted on multiple occasions to reach Defendant, but Defendant chose not to respond.

26.

Following the May 2, 2018 email, Defendant has continued to service Plaintiff's Clients under the Amended Supply Agreement.

27.

Following the May 2, 2018 email, Defendant has not sent Plaintiff a report of orders received or commissions earned by Plaintiff for any subsequent month.

28.

Defendant has not paid Plaintiff for any commissions earned for April 2018 or for any subsequent month.

**COUNT I - BREACH OF CONTRACT (PAST COMMISSIONS)**

29.

Plaintiff incorporates the preceding Paragraphs of this Amended Complaint as if fully set forth herein.

30.

The Amended Supply Agreement requires Defendant to pay Plaintiff a "commission of 5% of the total amount paid for each future invoice" by Plaintiff's Clients.

31.

Under the Amended Supply Agreement, the parties treated Plaintiff's Clients as "[a]ny customer for which [Defendant] accepts an order on behalf of [Plaintiff] shall be covered under this agreement."

32.

Over the course of the Amended Supply Agreement, Defendant failed to return to Plaintiff the full amount of commissions due and owing through and including March of 2018.

33.

As a direct result of Defendant's failure to pay past commissions Plaintiff has been damaged in an amount to be proven at trial.

**COUNT II - BREACH OF CONTRACT (APRIL 2018 COMMISSIONS)**

34.

Plaintiff incorporates the preceding Paragraphs of this Amended Complaint as if fully set forth herein.

35.

The Amended Supply Agreement requires Defendant to pay Plaintiff a "commission of 5% of the total amount paid for each future invoice" by Plaintiff's Clients.

36.

Under the Amended Supply Agreement, the parties treated Plaintiff's Clients as "[a]ny customer for which [Defendant] accepts an order on behalf of [Plaintiff] shall be covered under this agreement."

37.

Defendant has failed to pay any commissions owed for April 2018 under the Amended Supply Agreement.

38.

As a direct result of Defendant's failure to pay April 2018 commissions Plaintiff has been damaged in an amount to be proven at trial.

**COUNT III - BREACH OF CONTRACT (COMMISSIONS FOR MAY 2018 FORWARD)**

39.

Plaintiff incorporates the preceding Paragraphs of this Amended Complaint as if fully set forth herein.

40.

The Amended Supply Agreement requires Defendant to pay Plaintiff a "commission of 5% of the total amount paid for each future invoice" by Plaintiff's Clients.

41.

Under the Amended Supply Agreement, the parties treated Plaintiff's Clients as "[a]ny customer for which [Defendant] accepts an order on behalf of [Plaintiff] shall be covered under this agreement."

42.

Defendant continues to service Plaintiff's Clients under the Amended Supply Agreement.

43.

Defendant owes Plaintiff commissions on "each future invoice" for Plaintiff's Clients.

44.

Defendant has failed to pay Plaintiff commissions owed starting in May 2018 and for all subsequent months while it continues to service Plaintiff's Clients.

45.

As a direct result of Defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT IV – UNJUST ENRICHMENT (IN THE ALTERNATIVE)

46.

Plaintiff incorporates the preceding Paragraphs of this Amended Complaint as if fully set forth herein.

47.

In the event Defendant's May 2, 2018 email is deemed to be a valid termination of the Amended Supply Agreement, Defendant has continued to supply customers under the same Client Contracts Plaintiff entered into with its Clients.

48.

Due to Plaintiff's efforts in establishing these Client Contracts, Defendant is continuing to reap the benefits of servicing Plaintiff's Clients and has profited to the detriment of Plaintiff.

49.

Defendant has failed to compensate Plaintiff for this benefit conferred.

50.

Therefore, Defendant has been unjustly enriched at Plaintiff's expense in an amount to be determined at trial.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

### 51.

Plaintiff incorporates the preceding Paragraphs of this Amended Complaint as if fully set forth herein.

### 52.

Plaintiff has long-standing relationships with its Clients.

### 53.

At all times, Plaintiff had and maintained these Client relationships for supplying food and food-related products to correctional facilities.

### 54.

Based on years of ongoing contractual and business relations, Plaintiff had a legitimate and expected interest in continuing the food and food-related products contracts and relationships with its Clients.

### 55.

Defendant acted purposefully and with malice with the intent to injure Plaintiff when it interfered with Plaintiff's Client relationships and contracts by beginning to directly supply Plaintiff's Clients under these same Client Contracts.

56.

Defendant sought to induce these third parties not to enter or continue a contract or business relationship with Plaintiff by continuing to supply these clients without informing them that, from Defendant's perspective, it was no longer associated with Plaintiff.

57.

As a result of Defendant's tortious conduct, Plaintiff has suffered damages in an amount to be determined by the evidence presented at trial.

## COUNT VI – UNFAIR COMPETITION UNDER THE LANHAM ACT – 15 U.S.C. § 1125(a)(1)(A)

58.

Plaintiff incorporates the preceding Paragraphs of this Amended Complaint as if fully set forth herein.

59.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (1)(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to

14

the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

60.

Upon information and belief, Defendant has continued to utilize Plaintiff's name when servicing Plaintiff's Clients under the Client Contracts, including but not limited to use on documentation sent to the Clients, after the purported termination of the Amended Supply Agreement on May 2, 2018.

61.

This unauthorized use in commerce of Plaintiff's name is a false or misleading description and/or representation of fact which is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.

Defendant knew, or should have known, of Plaintiff's rights and Defendant's false description, false representation, and false designation of origin was knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

63.

Consumers and purchasers are likely to locate and purchase Defendant's deceptive products and services in the erroneous belief that Defendant's products are associated with Plaintiff, creating a likelihood of confusion.

64.

Defendant's egregious conduct in utilizing Plaintiff's name and information on products and services that has no connection to Plaintiff is willful, intentional and in reckless disregard of Plaintiff's rights.

65.

Plaintiff has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in an amount yet to be determined.

## COUNT VIII – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

66.

Plaintiff hereby incorporates by reference the preceding paragraphs of these as if fully set forth herein.

67.

As set forth fully herein, Defendant as systematically "cut out the middle man" in order to reap impermissible rewards from the Amended Supply

Agreement, including depriving Plaintiff of its 5% commission on all future invoices from Plaintiff's Clients.

68.

The express intent of the parties was for Defendant to protect the relationship that Plaintiff had with its Clients.

69.

Defendant's conduct constitutes a breach of the covenant of good faith and fair dealing, for which Plaintiff has been harmed.

70.

As a result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff is entitled to damages in an amount to be determined by the evidence presented at trial.

**COUNT VII – ATTORNEY'S FEES AND EXPENSES**

71.

Plaintiff hereby incorporates by reference the preceding paragraphs of these as if fully set forth herein.

72.

As shown in the above paragraphs, Defendant has acted in bad faith and has caused the Plaintiff unnecessary trouble and expense.

17

73.

Plaintiff is entitled to attorney's fees and expenses due to Defendant's actions as set forth herein pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiff prays as follows:

A.    For Summons and Process to issue according to law;

B.    For a Trial by Jury on all issues;

C.    For a Judgment against the Defendant in such an amount as will fully compensate the Plaintiff for its losses;

D.    For Injunctive Relief from this Court enjoining the Defendant;

E.    For an award of Attorney's Fees and expenses of litigation; and

F.    For such other and additional relief as this Court deems just and proper.

Respectfully submitted this 3rd day of July, 2018.

**GREGROY, DOYLE, CALHOUN & ROGERS, LLC.**

s/Charles L. Bachman, Jr.
Charles L. Bachman, Jr.
Georgia Bar # 030545
T. Owen Farist
Georgia Bar # 560550
*Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060

(770) 422-1776
(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

                         **C. DAVID JOYNER, P.C.**

                         s/C. David Joyner
                         C. DAVID JOYNER
                         Georgia Bar No. 405528
                         *Attorney for Plaintiff*

1305 Mall of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)
(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

19

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations established in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been prepared and typed in Times New Roman 14 font.

This 3rd day of July, 2018.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Plaintiff*

*/s/Charles L. Bachman, Jr.*
Charles L. Bachman, Jr.
Georgia Bar No. 030545
T. Owen Farist
Georgia Bar No. 560550

49 Atlanta St.
Marietta, GA 30060
(770) 422-1776
(770) 426-6155 (facsimile)
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on July 3, 2018, I electronically filed the foregoing AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew B. Ames
Balch & Bingham, LLP
mames@balch.com

This 15th day of July, 2018.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Plaintiff*

*/s/Charles L. Bachman, Jr.*
Charles L. Bachman, Jr.
Georgia Bar No. 030545
T. Owen Farist
Georgia Bar No. 560550

49 Atlanta St.
Marietta, GA 30060
(770) 422-1776
(770) 426-6155 (facsimile)
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com