UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAG FOOD SERVICES, LLC<br>F/K/A CORRECTIONAL<br>ADVISOR'S GROUP, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>SHAVER FOODS, LLC,<br><br>      Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION FILE<br>No: 1:18-cv-02753 (RWS) |

## **PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff CAG FOOD SERVICES, LLC F/K/A CORRECTIONAL ADVISOR'S GROUP, LLC by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26(a) and LR 26.1(B), hereby makes its Initial Disclosures.

**(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**Response**: At a high level this is a business dispute between Shaver and CAG.  For roughly 10 years, CAG and Shaver were parties to a contract known as the "Amended Supply Agreement."  Shaver terminated the Amended Supply Agreement in May 2018.  CAG's claims and Shaver's counterclaims stem from the termination of the Agreement, whether the parties met their respective obligations

prior to the termination, and what obligations Shaver owes CAG after the termination. In addition, both parties assert claims under the Lanham Act.

CAG contends that Shaver did not pay the proper amount every month. Shaver denies this and contends that all payments made to CAG were proper. The dispute over the historical commissions (and whether they were overpaid or underpaid) is one of the issues to be decided in the case.

Although the Amended Supply Agreement was terminated by Shaver in May 2018, CAG contends that under it, it is entitled to future payments from Shaver under an unjust enrichment theory stemming from sales to certain customers. Shaver denies that any such payments are due and owing. This is another one of the main disputed issues in the case.

Both parties have asserted claims under the Lanham Act, alleging that the other has made improper use of its trade name and trade mark after the Amended Supply Agreement was terminated. Both parties deny wrongdoing or liability under the Lanham Act.

**(2)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

**Response**: The following legal principles are applicable to this action:

- In Count I, CAG is entitled to past commissions from Shaver under the Amended Supply Agreement under a breach of contract theory;

- In Count II, CAG is entitled to commissions for the month of April 2018 from Shaver under the Amended Supply Agreement under a breach of contract theory;

- In Count IV, CAG is entitled to damages from the termination of the Amended Supply Agreement in May 2018 until the present under an unjust enrichment theory due to the benefit conferred upon Shaver. *See, e.g., Smith Serv. Oil Co. v. Parker*, 549 S.E.2d 485, 487 (Ga. Ct. App. 2001);

- In Count VI, CAG is entitled to damages for Shaver's unfair competition under Section 42(a) of the Lanham Act, which provides in pertinent part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading misrepresentation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A). The Lanham Act has a detailed statement of its purposes, which includes "protect[ing] persons engaged in [commerce within the

control of Congress] against unfair competition." 15 U.S.C. § 1127. Unfair competition was "understood at common law to be concerned with injuries to business reputation and present and future sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 118 (2014); and

- In Count VII, CAG alleges that Shaver breached the Covenant of Good Faith and Fair Dealing due to Shaver's breaches of the Amended Supply Agreement.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.**

**Response:** See Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**Response:** Plaintiff is not currently aware of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(5)  Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**Response:**  See Attachment C.

**(6)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**Response:** Plaintiff is unable to compute the extent of its damages suffered due to Defendant being in possession of all information needed for such calculation. Currently, Plaintiff believes that documents in Defendant's possession, including data relating to the total amounts paid to Defendant from customers under the Original and Amended Supply Agreements, the benefit conferred upon Defendant following the termination of the Amended Supply Agreement, would enable Plaintiff to calculate its damages.

The categories of Plaintiff's damages are:

(1)     Past commissions from Shaver under the Amended Supply Agreement.

(2)     The benefit conferred to Shaver wherein Shaver has been unjustly enrichment from the termination of the Amended Supply Agreement in May 2018 until the present.

(3)     Statutory damages from Shaver's unfair competition under Section 42(a) of the Lanham Act.

(4)     Damages from Shaver's breach of the Covenant of Good Faith and Fair Dealing.

(5)     Attorneys' fees and/or costs as the Court deems appropriate.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**Response:** Not Applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

**Response:** Plaintiff does not know any persons or entities with subrogation interests.

Respectfully submitted this 9th day of April, 2019.

> **GREGROY, DOYLE, CALHOUN & ROGERS, LLC.**
>
> s/Charles L. Bachman, Jr.
> Charles L. Bachman, Jr.
> Georgia Bar # 030545
> T. Owen Farist
> Georgia Bar # 560550
> *Attorneys for Plaintiff*

49 Atlanta St.
Marietta, GA  30060
(770) 422-1776

(770) 426-6155 – facsimile
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

                                               **C. DAVID JOYNER, P.C.**

                                               s/C. David Joyner
                                               C. DAVID JOYNER
                                               Georgia Bar No. 405528
                                               *Attorney for Plaintiff*

1305 Mall of Georgia Blvd.
Suite 130
Buford, Georgia 30519
(770) 614-6415 (phone)
(770) 614-7678 (fax)
djoyner@cdavidjoynerpc.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations established in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been prepared and typed in Times New Roman 14 font.

This 9th day of April, 2019.

                                **GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
                                *Attorneys for Plaintiff*

                                */s/Charles L. Bachman, Jr.*
                                Charles L. Bachman, Jr.
                                Georgia Bar No. 030545
                                T. Owen Farist
                                Georgia Bar No. 560550

49 Atlanta St.
Marietta, GA 30060
(770) 422-1776
(770) 426-6155 (facsimile)
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on April 9, 2018, I electronically filed the foregoing Plaintiff's Initial Disclosures to Defendant with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew B. Ames
Balch & Bingham, LLP
mames@balch.com

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
*Attorneys for Plaintiff*

/s/Charles L. Bachman, Jr.
Charles L. Bachman, Jr.
Georgia Bar No. 030545
T. Owen Farist
Georgia Bar No. 560550

49 Atlanta St.
Marietta, GA 30060
(770) 422-1776
(770) 426-6155 (facsimile)
cbachman@gregorydoylefirm.com
ofarist@gregorydoylefirm.com