**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CAG FOOD SERVICES, LLC, f/k/a CORRECTIONAL ADVISOR'S GROUP, LLC,<br><br>    Plaintiff,<br><br>              v.<br><br>SHAVER FOODS, LLC,<br><br>    Defendant. | Civil Action No.<br>1:18-cv-02753-SDG |

## **ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration of the Court's Ruling on Count IV of the Amended Complaint [ECF 32].

### I.   BACKGROUND

On July 16, 2018, Defendant filed a motion to dismiss [ECF 24] counts I, III, IV, V, VI, and VIII of the Amended Complaint [ECF 22]. The Court granted in part and denied in part Defendant's motion [ECF 31]. The Court declined to dismiss Count IV of the Amended Complaint [ECF 31, at 9–10].

In its original motion, Defendant argued that Count IV should be dismissed because unjust enrichment claims are unavailable when there is an express contract between the parties [ECF 24-1, at 16]. In its response, Plaintiff emphasized that Count IV's unjust enrichment claim is not premised on the parties' contract

(the Amended Supply Agreement), it is based on the benefit Defendant received through Plaintiff's relationships with Plaintiff's clients after the termination of the Amended Supply Agreement [ECF 28, at 16–17]. In its reply brief, Defendant repeated its assertion that an unjust enrichment claim is invalid when there is an express contract [ECF 29, at 12], and further claimed that the non-solicitation provision of the contract is unenforceable as violative of Georgia public policy [ECF 29, at 12 n.12].

In ruling on Defendant's Motion to Dismiss Count IV, the Court accepted Defendant's argument that an unjust enrichment claim is invalid when there is an express contract between the parties [ECF 31, at 9]. However, the Court allowed Plaintiff's unjust enrichment claim to move forward because it found that the claim is not based on the express contract, but rather "is for the post-termination benefit that Defendant has received, specifically client contracts and relationships that Plaintiff had with its customers." [ECF 31, at 9–10.] In so finding, the Court necessarily rejected Defendant's contention that the unjust enrichment claim contained in Count IV of the Complaint was premised, through the non-solicitation provision or otherwise, on the parties' contract.

Defendant asserts in its motion for reconsideration that the Court should reconsider its refusal to dismiss Count IV because that claim, it says, is in fact based

on the Amended Supply Agreement's non-solicitation provision. Defendant contends (as it did in its original motion) that the non-solicitation provision is void under Georgia public policy and, therefore, cannot be enforced through the doctrine of unjust enrichment [ECF 32-1, at 1–2]. Plaintiff responds that the Court should not grant the motion because Defendant fails to meet the high burden required to justify reconsideration and Defendant "simply rehashes the arguments it initially presented to the Court." [ECF 36, at 1–2.] Plaintiff also argues that, even if the reconsideration motion were properly before the Court, it fails for the same reason previously argued by Plaintiff and accepted by the Court – Defendant is incorrect in its claim that Plaintiff's unjust enrichment cause of action is predicated on the Amended Supply Agreement [ECF 36, at 7–8].

## II.   LEGAL STANDARD

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, such motions should be filed only when "a party believes it is absolutely necessary." *Id.* In order to prove absolute necessity, the moving party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

A motion for reconsideration may not be used to show the Court how it "could have done better," to present arguments already heard and dismissed, to repackage familiar arguments, or to offer new legal theories or evidence that could have been presented with the previous motion or response. *Bryan*, 246 F. Supp. 2d at 1259 (citing to *Pres. Endangered Areas of Cobb's History Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)).

### III. ANALYSIS

Defendant's motion fails to meet the legal standard for reconsideration. Defendant does not assert any of the three recognized grounds for reconsideration. It has not provided the Court with newly discovered evidence, nor has Defendant argued a change in existing law or a clear error of law or fact. Even after Plaintiff's response emphasized Defendant's failure to assert a valid basis for reconsideration, Defendant still failed to assert one in its reply brief. While Defendant states that the Court's denial was "in error," that is not the applicable standard [ECF 32-1, at 4], nor do Defendant's repeated arguments and case law support a finding of *clear* error.

The arguments made by Defendant are simply reframed from the original

motion to dismiss briefing and have already been rejected by the Court. Defendant admits as much in its reply: "Shaver brings this Motion for Reconsideration to amplify points that Shaver made only briefly (and without robust supporting legal authority) in its Motion to Dismiss." [ECF 40, at 3.] However, motions for reconsideration "may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Bryan*, 246 F. Supp. 2d at 1259. To the extent Defendant seeks to introduce previously available legal authority "to amplify" its old argument, that is also an inappropriate use of motions for reconsideration.[1] *Id*; *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338.

## IV.   CONCLUSION

For these reasons, the Court **DENIES** Defendant Shaver Foods, LLC's Motion for Reconsideration of the Court's Ruling on Count IV of the Amended Complaint [ECF 32].

**SO ORDERED** this the 30th day of October 2019.

Steven D. Grimberg
United States District Court Judge

---

[1]   Defendant's claim that "page limitations" prevented it from providing this previously available legal authority in its motion to dismiss is unavailing [ECF 40, at 2]. If it believed additional space was necessary to fully make its arguments, Defendant could have sought leave to file excess pages. It did not.